﻿Citation Nr: 18132494
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 14-14 922
DATE: September 6, 2018
ORDER
Entitlement to an initial 70 percent rating for posttraumatic stress disorder (PTSD) and alcohol abuse for the period prior to January 5, 2018 is granted, subject to the law and regulations governing the payment of monetary benefits.
Entitlement to a rating in excess of 70 percent for PTSD and alcohol abuse is denied for the period beginning January 5, 2018.
Entitlement to a total rating based on individual employability due to service-connected disability (TDIU) is granted.
FINDINGS OF FACT
1. The Veteran’s PTSD is shown to be productive of occupational and social impairment with deficiencies in most areas, due to symptoms not adequately contemplated by the criteria for a 50 percent evaluation; however, total occupational and social impairment has not been shown
2. The Veteran is service connected for PTSD and alcohol abuse; his disability rating during this appeal meets the criteria for schedular consideration of TDIU. 
3. The Veteran was last employed in 2011 running hotels. 
4. The Veteran’s service-connected PTSD and alcohol abuse preclude his substantially gainful employment.
CONCLUSIONS OF LAW
1. The criteria for an initial 70 percent rating for PTSD and alcohol abuse have been met for the period prior to January 5, 2018. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.159, 4.1, 4.7, 4.126a, 4.130, Diagnostic Code (DC) 9411.
2. The criteria for a rating in excess of 70 percent for PTSD and alcohol abuse have not been met for the period beginning January 5, 2018. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.159, 4.1, 4.7, 4.126a, 4.130, DC 9411.
3. The criteria for entitlement to TDIU have been met. 38 U.S.C. § 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active military service from February 1966 to July 1969. The Veteran testified before the undersigned Veterans Law Judge during a March 2017 hearing. This matter is on appeal from a June 2011 rating decision and was previously remanded by the Board of Veterans’ Appeals (Board) in December 2017.
1. Entitlement to an initial rating in excess of 50 percent prior to January 5, 2018, and in excess of 70 percent thereafter, for PTSD and alcohol abuse.
Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. In cases in which a claim for a higher initial evaluation stems from an initial grant of service connection for the disability at issue, multiple (“staged”) ratings may be assigned for different periods of time during the pendency of the appeal. See generally Fenderson v. West, 12 Vet. App. 119 (1999). Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7. In every instance where the rating schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. 38 C.F.R. § 4.31. 
The Veteran is evaluated at the 50 percent rate for PTSD and alcohol abuse prior to January 5, 2018, and at the 70 percent rate thereafter under 38 C.F.R. § 4.130, DC 9411. There is evidence to suggest that a rating of 70 percent is warranted throughout this appeal. Id. A March 2018 rating decision awarded a 70 percent rating from January 5, 2018, the date of a fee-based examination. In this case, the symptoms shown at the January 2018 examination are similar to those shown in a private March 2011 evaluation and May 2011 and November 2013 fee-based examinations during this appeal. The 2018 examination reveals that the Veteran had depressed mood; anxiety; suspiciousness; chronic sleep impairment; flattened affect; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; difficulty in adapting to stressful circumstances, including work or a worklike setting; and the inability to establish and maintain effective relationships. The 2011 and 2013 fee-based examinations showed some of those same symptoms as well. After considering the examinations and treatment records, March 2018 decision assigning a 70 percent rating, and when affording the Veteran the benefit-of-the-doubt, the Board finds this evidence to be more clinically characteristic of the criteria for a 70 percent evaluation under DC 9411 prior to January 5, 2018, and such evaluation is warranted. 38 C.F.R. § 4.7. 
However, the evidence fails to show that the highest rating of 100 percent is warranted. In this case, the evidence of record during the relevant appeal period does not establish total occupational and social impairment. None of the fee-based examiners or the private psychiatrist opined that the Veteran has total occupational and social impairment. The 2018 fee-based examiner specifically opined that the Veteran’s PTSD and alcohol abuse met the criteria for a 70 percent rating. No medical professional has provided any opinion indicating that the Veteran’s disability results in total occupational and social impairment. To the extent that the Veteran’s PTSD and alcohol abuse impact his employability, the Board is granting TDIU as discussed below. The Board must stress that the criteria for a 100 percent evaluation are significantly more stringent than those for TDIU; the latter requires that the ability to secure and follow a substantially gainful occupation is precluded, without reference to social impairment, whereas the former requires total occupational and social impairment. To the extent that the Veteran has social impairment, the criteria for a 70 percent rating specifically includes difficulty in establishing and maintaining effective work and social relationships; and the inability to establish and maintain effective relationships. His treatment records and VA examinations have not shown symptoms contemplated by a 100 percent rating, such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting oneself or others; disorientation to time or place; memory loss for names of close relatives, own occupation, or own name; and the intermittent inability to perform activities of daily living, including maintenance of minimal personal hygiene. § 4.130, DC 9411. 
In rendering this decision, the Board has considered how the Veteran’s symptoms impact his occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112 (Fed. Cir. 2013). The Board has also considered the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the Veteran’s capacity for adjustment during periods of remission. 38 C.F.R. § 4.126(a). 
Consequently, the criteria for a 70 percent rating prior to January 5, 2018, have been met. In making this determination, the Board notes that neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017). 
2. Entitlement to TDIU.
Total disability is considered to exist when there is any impairment that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340(a)(1). In the current appeal, service connection has been granted for PTSD. Due to the Board’s grant of an initial 70 percent rating for PTSD, the Veteran meets the schedular criteria for consideration for TDIU under 38 C.F.R. § 4.16(a). 
In this case, the May 2011 fee-based examination shows that the Veteran used to run hotels and quit in 2011 because he could not get along with his boss; he had trouble dealing with authority. The January 2018 fee-based examination shows that the Veteran has difficulty attending to or is easily distracted from the task at hand; difficulty maintaining concentration and focus on work over a period of time, tends to skip from one task to another without completing the prior task; intrusive thoughts which interfere with ability to stay focused on the task at hand; significant difficulty accepting supervision or receiving instructions without becoming angry; significant difficulty functioning around other people, has difficulty functioning as a team member, and feels uncomfortable around others; sleep is so disrupted that he is usually fatigued at work, making concentration and focus on work assignment difficult; so depressed that he has difficulty sustaining energy and motivation to complete assignments at work; and had irritability and suspiciousness that interfere significantly with the ability to work. Considering the Veteran's employment background running hotels, the work impairments delineated at the 2018 examination indicate that the Veteran is fundamentally unable to follow a substantially gainful occupation. 
[Continued on the next page]

As such, based on the severity of the Veteran’s service-connected psychiatric disability; his employment background; and the January 2018 fee-based examination report, TDIU is warranted. This claim is thus granted in full. 38 U.S.C. § 5107(b).
 
A. C. MACKENZIE
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Barstow, Counsel